

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 422 | **DATE** | 4/15/2003 |
| **CASE TITLE** | Slateski, et al. vs. Marriott International | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying defendant's motion to dismiss and granting plaintiffs' request to amend the complaint. Ruling set for 4/18/03 is vacated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | 2 number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | APR 1 6 2003 date docketed | 8 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 4/15/2003 date mailed notice | |
| MPJ | courtroom deputy's initials | MPJ mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MELANIE SALATESKI AND LORI )
MOTYCHKA, )
         Plaintiffs, )
)
v. )
) No. 03 C 422
MARRIOTT INTERNATIONAL INC., )
)
         Defendant. )

## MEMORANDUM OPINION AND ORDER

DOCKETED
APR 1 6 2003

On June 16, 2002, plaintiffs Melanie Salateski and Lori Motychka, residents of Saskatchewan, Canada, checked into the Chicago Marriott Hotel O'Hare, owned by the defendant, Marriott International, Inc. ("Marriott"), a Delaware corporation. The following evening, while still guests of the hotel, the plaintiffs patronized the hotel's Champions restaurant. According to the complaint, at approximately 7:30 p.m., Marriott employee Jermaine Mack approached the plaintiffs, identified himself as a security guard, and requested that the two women accompany him to a nearby windowless office, which was occupied by another Marriott employee. Once inside the office, Mr. Mack repeatedly accused the women of illegally soliciting sex in the restaurant, and threatened that if they did not admit that they were prostitutes, he would have them arrested. Despite their denials, Mr. Mack required Ms. Salateski and Ms. Motychka to sign documents stating that they would be immediately arrested if they ever entered a Marriott hotel again.



He also photographed them and required them to tender their driver's licenses for him to photocopy. Believing that they would not be permitted to leave the office if they did not comply, the women cooperated with Mr. Mack's demands. Mr. Mack then informed the plaintiffs that they were under "house arrest," and that they could not leave their hotel room until they left for the airport the following morning. Again, the plaintiffs complied.

Ms. Salateski and Ms. Motychka filed this suit in the Circuit Court of Illinois, alleging unlawful restraint and defamation. Marriott removed the case to this court based on the diversity of citizenship between the parties and now moves to dismiss both counts pursuant to Rule 12(b)(6). The plaintiffs respond with a motion to amend their complaint. I deny the motion to dismiss and grant the motion to amend.

**Motion to amend.** Leave to amend a complaint should be freely given absent undue delay or prejudice to the opposing party, *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002). The motion to amend was submitted promptly, and there is no indication that prejudice would result from allowing amendment here. Thus, I am granting the motion to amend.

**Count I.** For purposes of a motion to dismiss, I accept the allegations of the complaint as true. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). The elements of a cause of action for unlawful restraint (formerly called false imprisonment) are "that

2

the plaintiff was restrained or arrested by the defendants, and that the defendant acted without having reasonable grounds to believe that an offense was committed by the plaintiff." *Meerbrey v. Marshall Field & Co.*, 564 N.E.2d 1222, 1231 (1990). Marriott's motion to dismiss correctly points out that the original complaint failed to allege the second element. A plaintiff ordinarily may plead conclusions, and need not allege all relevant facts with particularity. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002). However, there is no need to address the question of whether the original complaint was adequate under this standard. The amended complaint alleges every element of the cause of action, and clearly states a claim for unlawful restraint.

**Count II.** The elements of defamation are: (1) a defamatory assertion of fact about the plaintiff; (2) publication; and (3) injury to a plaintiff's reputation. *Chisholm v. Foothill Capital Corp.*, 3 F. Supp. 2d 925, 938 (N.D. Ill. 1998) (Gettleman, J.). Words are defamatory *per se* if they "impute the commission of a criminal offense." *Id.* Marriott states that Count II of the original complaint fails to state a claim because it does not allege that the plaintiffs' reputations were injured or specify to whom the allegations were published. Once again, it is not necessary to decide whether the original complaint was sufficient. The amended complaint does state that the plaintiffs' reputations were injured and that publication was made to a particular

3

individual. Thus, it alleges every element of defamation and can withstand a motion to dismiss under 12(b)(6).

The motion to amend the complaint is GRANTED. The motion to dismiss the complaint is DENIED.

ENTER ORDER:

Elaine E. Bucklo
United States District Judge

Dated: April 15, 2003

4